✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 11 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SERGIO PRADO,

    Plaintiff,

v.

C. ROWLEY,

    Defendants.

Case No. 3:18-cv-00216-RCJ-VPC

ORDER

## I. DISCUSSION

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 1-1).

Plaintiff's application to proceed *in forma pauperis* is incomplete. Pursuant to 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, Plaintiff must complete an application to proceed *in forma pauperis* and attach both an inmate account statement for the past six months and a properly executed financial certificate. Plaintiff has not submitted a an inmate account statement. (*See* ECF No. 1). Therefore, the *in forma pauperis* application is denied without prejudice. The Court will retain Plaintiff's civil rights complaint (ECF No. 1-1), but will not file it until the matter of the payment of the filing fee is resolved. Plaintiff will be granted an opportunity to cure the deficiencies of his application to proceed *in forma pauperis*, or in the alternative, pay the full filing fee for this action. If Plaintiff chooses to file a new application to proceed *in forma pauperis* he must file a fully complete application to proceed *in forma pauperis*.

If, however, Plaintiff has difficulty obtaining an inmate account statement from prison officials, Plaintiff shall file an affidavit in this case detailing when he requested the documents, who he spoke to about the status of the documents, who he followed up with after he did not

receive the documents, and their responses. In other words, if Plaintiff is unable to acquire the necessary documents from prison officials, he must provide the Court with an affidavit that demonstrates that he has done all that he could to acquire the documents by the Court's deadline. Plaintiff's affidavit should include dates of his requests, dates of his follow-up requests, names of the prison officials that he spoke to about the matter, and their responses. If Plaintiff's affidavit demonstrates that he has done all that was possible to acquire the documents, the Court will consider his application to proceed *in forma pauperis* complete.[1]

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice to file a new application.

IT IS FURTHER ORDERED that the Clerk of the Court SHALL SEND Plaintiff the approved form application to proceed *in forma pauperis* by a prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that within **thirty (30) days** from the date of this order, Plaintiff shall either: (1) file a fully complete application to proceed *in forma pauperis*, on the correct form with complete financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) file an affidavit detailing the efforts he took to acquire a financial certificate and an inmate account statement from prison officials. If Plaintiff chooses to file an affidavit, his affidavit must describe the actions he took to acquire the documents. Additionally, Plaintiff must submit an application to proceed *in forma pauperis* to this Court even if he is unable to acquire the necessary attachments from prison officials.

///
///
///
///
///

---

[1] Plaintiff must still submit an application to proceed *in forma pauperis* with his affidavit.

IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result.

DATED: This 11th day of May, 2018.

_____
United States Magistrate Judge